Pursuant to Rule 53(c)(2)(ii), defendant has requested review of the trial judge’s December 18, 1978, order compelling defendant to answer plaintiffs interrogatory No. 24. For reasons which follow, defendant’s request is denied.
Rule 53(c)(2)(ii) establishes a strict standard for appellate review of a trial judge’s procedural order in cases, such as this, where the trial judge himself is not of the opinion that interlocutory review is appropriate. See Rule 53(c)(2)(i). The rule requires the party dissatisfied with the trial judge’s order to make a "showing of extraordinary circumstances whereby further proceedings pursuant to the said order would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties.”
Defendant has made no such showing of "extraordinary circumstances” here. The Government simply objects to *595 the interrogatory on the ground that it seeks to discover the trial attorney’s work product in violation of Hickman v. Taylor, 329 U.S. 495 (1947). While expressing no view on the merits of defendant’s objection, we do fail to see how answering interrogatory No. 24 will so injure defendant as to warrant a departure from our policy against interrupting a trial judge’s proceedings for piecemeal appeals.
it is therefore ordered that defendant’s request for review is denied without prejudice to defendant’s right to raise the trial judge’s alleged error when the case comes before the court for final judgment.
Defendant’s motion for rehearing and suggestion for rehearing en banc denied April 6, 1979.